**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Rodymilton A.,

Petitioner,

v.

Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,

Respondents.

Case No. 26-CV-631 (KMM/SGE)

**ORDER**

---

This matter is before the Court on petitioner Rodymilton A.'s petition for a writ of habeas corpus.[1] For the reasons set forth below, the Court grants Rodymilton's habeas petition.

**Background**

Rodymilton is a citizen of Guatemala. Dkt. 1 ¶ 1.[2] He has lived in the United States since December 2022. *Id.* ¶ 14. He resides in Columbia Heights with his family, all of whom are United States citizens. *Id.* ¶ 15. He is not the subject of a final order of removal. *Id.* ¶ 14. There is no indication in the record that he has any significant criminal history.

ICE agents arrested Rodymilton on January 24, 2026. They did not present a warrant at the time of his arrest. *Id.* ¶ 16. Although the Court flagged the issue of the absence of a

---

[1] In keeping with this District's policy in immigration cases, the Court identifies petitioner by his first name and last initials or refers to him as Petitioner.

[2] Petitioner filed a Verified Petition for a Writ of Habeas Corpus. Dkt. 1. In their Response to the Petition, Respondents do not contest the salient facts set forth by Rodymilton in his Petition. Dkt. 5. Therefore, the Court treats the facts stated in the Petition as established.

warrant in the Court's previous Order to Show Cause, Dkt. 3 ¶ 2(e), Respondents do not allege that they had an administrative warrant supporting Rodymilton's arrest, nor did they produce such a warrant in connection with their response.

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). They do not point to any other basis for his detention, or suggest that he has criminal history triggering other mandatory detention provisions.

**Analysis**

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision – which mandates detention – does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have ruled on the issue, and by many courts in this district. The Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out that the issue in this case is currently pending before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025), and Respondents "assert all arguments raised by the government in *Avila* and respectfully request that the Court preserve those argument for any appeal in this case." Dkt. 5 at 1–2.

Although the Court has considered Respondents' position, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, the government's arguments are not frivolous, and Respondents have preserved their issues for any appeal. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply

to Rodymilton or others who are similarly situated to him, and his mandatory detention under that provision is not supported by the law.

**Propriety of Immediate Release**

Petitioner Rodymilton alleges that he should be immediately released, seeking a bond hearing as an alternative remedy. The Court concludes that immediate release is appropriate in this case. The government has not claimed to have a "warrant issued by the Attorney General" supporting his recent arrest nor produced one to the Court. This is so despite clear allegations in the Verified Petition that a warrant is a prerequisite to detention under § 1226(a), and Rodymilton's claim that no warrant was shown or referenced at the time of his arrest by ICE agentss. As Judge Tostrud recently explained, "[s]ection 1226 provides that *'[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant, and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order, January 12, 2026)(same). Similarly, because the Court here has before it no administrative warrant contemplated by § 1226, release is the correct remedy.

**ORDER**

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Rodymilton A.'s Verified Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. The Court **DECLARES** that Petitioner Rodymilton A. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Rodymilton A.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner Rodymilton A.'s release, confirming that the release has occurred.

**Let Judgment be entered accordingly**.

Dated: January 27, 2026

*s/Katherine M. Menendez*
Katherine Menendez
United States District Judge